IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS WENCES-ADAME, | : | 1:11-cv-2381 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| K. ECKROTH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**March 21, 2013**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 19) filed on February 28, 2013, recommending that Defendants' Motion for Summary Judgment (Doc. 13) be granted and that this case be closed. Objections to the R&R were due by March 17, 2013 and to date, none have been filed. Accordingly, this mater is ripe for our review. For the reasons that follow, we shall adopt the Magistrate Judge's R&R in its entirety, grant the Defendant's motion for summary judgment and close this case.

**I.      STANDARD OF REVIEW**

1

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.  DISCUSSION

Magistrate Judge Carlson's R&R thoroughly explores each section of the Defendants' Motion for Summary Judgment and sets forth cogent, well-reasoned conclusions. As such, it is entirely unnecessary for us to parrot his efforts, but for the sake of the reader, we shall briefly summarize herein the basis for our adoption of his recommendations.

This action was brought on December 17, 2011 by Plaintiff Jesus Wences-Adame ("Plaintiff") against a number of Federal Bureau of Prisons employees stationed at the United States Penitentiary at Canaan (collectively "Defendants"). In his complaint, Plaintiff alleges the Defendants restricted his access to the court system by purposefully delaying the mailing of Plaintiff's federal appeal. (Doc 1, pp. 5-7). Plaintiff also alleges the Defendants restricted his access to the court system by withholding Plaintiff's transcripts and docket record on appeal. (Doc. 1, pp. 8-9). Defendants filed a Motion for Summary Judgment contending the Plaintiff failed to exhaust the available administrative remedies and that Plaintiff's claims were further barred by sovereign and qualified immunity.

Under the Prison Litigation Reform Act, a prisoner cannot bring an action regarding prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Administrative remedies are mandatory and cannot be properly exhausted unless the requests are filed within the stated deadlines. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Plaintiff's failure to promptly file administrative requests demonstrates a failure to exhaust the available administrative remedies.

Along with the failure to exhaust administrative remedies, Magistrate Judge Carlson found Plaintiff's claims barred by sovereign immunity and qualified

immunity. It is well established that sovereign immunity bars recovery for monetary damages against federal officials acting in their official capacities without an explicit waiver of immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). As no waiver has been argued, sovereign immunity applies so far as Plaintiff filed suit against the Defendants in their official capacities. It is also well established that qualified immunity bars recovery when the alleged conduct does not violate a well established right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Plaintiff's appeal was delivered as addressed before the deadline to file an appeal. (Doc. 15, ¶¶ 74-77). However, Plaintiff misaddressed the envelope causing the letter to be returned and his appeal to be held as untimely. *United States v. Wences-Adame*, 11-cv-109-FJP-CN, 2011 WL 2436119 (M.D. La. June 15, 2011). As Plaintiff's alleged injury was the result of his own actions, Plaintiff has failed to present a violation of any well established right.

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case

*sub judice*.  An appropriate Order shall issue.